UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) ADRIENNE HULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   CIV-15-849-HE |
| v. | ) | *(formerly Oklahoma County District* |
| | ) | *Court Case No.: CJ-2015-2637)* |
| 1) PROGRESSIVE DIRECT INSURANCE | ) | |
| COMPANY and | ) | |
| | ) | |
| 2) LYNNAILLE FOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Direct Insurance Company ("Progressive"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma to this Court. Pursuant to LCvR 81.2(a), a copy of the state docket sheet as well as all documents filed or served in the state court action are attached hereto as EXHIBITS 1-6.

The removal of this case to federal court is based on the following.

### FACTUAL BACKGROUND

1.      On or about May 23, 2013, Plaintiff, Adrienne Hull ("Plaintiff"), was involved in an automobile accident with a vehicle driven by Defendant, Lynnaille Foster ("Foster"). (*See* Petition, ¶ 6, EXHIBIT 2.)

2.      According to Plaintiff, as a result of Foster's alleged negligence, she sustained permanent injuries.  (*See* Petition, ¶¶ 7-8; ¶¶ 23-24, EXHIBIT 2.)

3.    At the time of the subject collision, Foster was insured through a subsidiary of Pride National Insurance Company. (*See* Correspondence from R. Yalla to Progressive, dated October 29, 2013, **EXHIBIT 8**.) On July 10, 2013, Pride National Insurance Company became the subject of an Order of Liquidation with a Finding of Insolvency. (*See* Order of Liquidation with a Finding of Insolvency, Oklahoma County Case No. CJ-2013-1448, dated July 10, 2013, **EXHIBIT 9**.) Therefore, pursuant to 36 O.S. § 3636, Foster's vehicle is deemed an "uninsured motor vehicle." *See* 36 O.S. § 3636 (stating "uninsured motor vehicle" shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency"); (*see also* Petition, ¶ 6, **EXHIBIT 2**.)

4.    At the time of the subject accident, Plaintiff's vehicle was insured under an automobile insurance policy issued by Progressive, Policy No. 62465506-7. The policy provides uninsured motorist coverage in the amount of $100,000.00 per person/$300,000.00 per accident. (*See* Declarations Page for Progressive Policy No. 62465506-7, **EXHIBIT 10**.)

5.    On May 7, 2015, Plaintiff filed the present lawsuit. Plaintiff's Petition asserts a negligence claim against Foster and breach of contract and bad faith claims against Progressive. (*See generally,* Petition, **EXHIBIT 2**.)

6.    On June 10, 2015, Plaintiff served Foster with the present lawsuit. (*See* Proof of Service Affidavit, dated June 10, 2015, **EXHIBIT 3**.) Therefore, pursuant to 12 O.S. § 2012, Foster had until June 30, 2015, to file a responsive pleading. To date, Foster has not entered an appearance and has not filed a responsive pleading.

7.     Although Foster is in default, Plaintiff has not sought a default judgment against her. (*See* OSCN Docket Sheet, **EXHIBIT 1.**)

8.     On July 6, 2015, Plaintiff served Progressive, through the Insurance Commissioner, with the present lawsuit. (*See* Correspondence from the Insurance Commissioner to Progressive transmitting Petition and Summons, dated July 6, 2015, **EXHIBIT 7.**)

<u>**COMPLETE DIVERSITY EXISTS**</u>

9.     "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

10.     At the time of filing, federal question jurisdiction did not exist. Plaintiff's Petition does not contain allegations that the Constitution or any federal statute had been violated. Thus, this case is removable only if diversity jurisdiction exists.

11.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is

presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

12.     At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Ohio with "nerve center" or "principal place of business" in Ohio. (*See* Annual Statement of Progressive Direct Insurance Company, EXHIBIT 11.)   Thus, Progressive was deemed to be a citizen of Ohio.  Progressive was not a citizen of the State of Oklahoma.

13.     Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, ¶ 1, EXHIBIT 2; *see also* Official Oklahoma Traffic Collision Report, EXHIBIT 12; Declarations Page for Progressive Policy No. 62465506-7, EXHIBIT 10.)  Plaintiff was not a citizen of the State of Ohio.

14.     Upon information and belief, at the time of filing, Foster was a resident and citizen of the State of Oklahoma. (*See* Petition, ¶ 1, EXHIBIT 2 ; *see also* Official Oklahoma Traffic Collision Report, EXHIBIT 12.)  However, as the Tenth Circuit has explained, "in determining the question of diversity we look to the citizenship of the real parties in interest[.]" *Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1927).  "[T]he presence of a nominal party with no real interest in the controversy will be disregarded.  **Jurisdiction is not ousted by the joinder or nonjoinder of mere formal parties.**" *Hann v. City of Clinton, Okla., ex rel. Schuetter*, 131 F.2d 978, 981 (10th Cir. 1942) (citing *Wormley v. Wormley*, 5 L.Ed. 651 (1823); *State of Maryland v. Baldwin*, 112 U.S. 490 (1884); *Wilson v. Oswego Township*, 151 U.S. 56 (1894); *Salem Trust Co. v. Manufacturers' Co.*, 264 U.S. 182 (1924);

*Blytheville, L. & A.S.R. Co. v. St. Louis-San Francisco Ry. Co.*, 33 F.2d 481 (8th Cir. 1929);

*Federal Reserve Bank v. Omaha Nat. Bank*, 45 F.2d 511 (8th Cir. 1930), *certiorari denied*,

282 U.S. 902 (1931); *McLean v. State of Mississippi*, 96 F.2d 741 (6th Cir. 1938), *certiorari*

*denied*, 305 U.S. 623 (1938) (emphasis added)); *see also Cunningham v. EHP Petroleum*

*Great Britain PLC*, 427 F.3d 1238, 1244 (10th Cir. 2005); *Turley v. Stilwell*, 11-CV-0030-

CVE-FHM 2011 WL 1104543, at *6 (N.D. Okla. Mar, 22, 2011).  As shown below, Foster

is not a real party in interest, and therefore, may be disregarded for purposes of diversity

jurisdiction.

15.    In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), the United States Supreme

Court established the following guidelines by which a court determines if a party possesses

a real interest in the case for purposes of diversity jurisdiction:

> Federal courts have jurisdiction over controversies between
> "Citizens of different States" by virtue of 28 U.S.C. §
> 1332(a)(1) and U.S. Const., Art. III, § 2. Early in its history, this
> Court established that the "citizens" upon whose diversity a
> plaintiff grounds jurisdiction must be real and substantial parties
> to the controversy. *McNutt v. Bland*, 43 U.S. How. 9, 15, 11
> L.Ed. 159 (1844); *see Marshall v. Baltimore & Ohio R. Co.*, 16
> How. 314, 328–329, 14 L.Ed. 953 (1853); *Coal Co. v.
> Blatchford*, 11 Wall. 172, 177, 20 L.Ed. 179 (1870). Thus, a
> federal court must disregard nominal or formal parties and rest
> jurisdiction only upon the citizenship of real parties to the
> controversy. *E.g., McNutt v. Bland, supra*, 43 U.S. 9, at 14; see
> 6 C. Wright & A. Miller, Federal Practice and Procedure § 1556,
> pp. 710–711 (1971).

*Id.* at 460-61. "A 'real party in interest' is one who has a 'substantial stake' in the outcome

of the case." *Owens v. Overstreet*, 1:10-00784, 2010 WL 4721709, at *3 (S.D.W.V. Nov. 15,

2010) (emphasis added).

16.     There is no bright line rule for determining whether a party is nominal for

purposes of diversity jurisdiction.  However, the factors courts generally examine include:

     1)     the substantiality of the parties stake in the action, *See*
          *Kidd v. Gilfilen*, 170 F.Supp.2d 649, 651 (S.D.W.V.
          2001); *Charles v. GEICO Gen. Ins. Co.*, 4:06-CV-0004,
          2006 WL 1096599, at * 1 (D. Alaska April 24, 2006);
          *Owens*, 2010 WL 4721709, at *3;

     2)     the level of control that party retains over the litigation,
          *Kidd*, 170 F.Supp.2d at 651, *Charles*, 2006 WL 1096599,
          at *1;

     3)     whether the party has retained counsel, *Owens*, 2010 WL
          4721709, at *3; and,

     4)     whether the party has given a statement or a deposition
          *Owens*, 2010 WL 4721709, at *3.

17.     *Kidd* is particularly instructive on this issue.  In *Kidd*, the plaintiff was involved

in an automobile accident with an uninsured motorist.  The plaintiff filed suit asserting a

negligence claim against the uninsured tortfeasor and breach of contract and bad faith claims

against her insurer.  The defendant insurer removed the lawsuit on diversity grounds.  The

plaintiff sought to remand the action.  After reviewing the record, the court determined that

the tortfeasor was a nominal party whose citizenship could be disregarded for purposes of

the jurisdictional inquiry.  In doing so, the court stated:

> [] State Farm shoulders the control and decision making
> responsibilities in this action. That is appropriate, because it has
> the corresponding obligation to pay its insured on the claims
> alleged should the latter prevail.

*Kidd*, 170 F.Supp.2d at 652; *see also*, *Owens*, 2010 WL 4721709, at *4 ("On balance, the

court finds that Defendant is a nominal party to this litigation. The facts, circumstances and

procedural posture of this case appear similar to those in *Kidd et al. v. Gilfilen et al.*, where the court noted that "Practically, [the defendant] is named only as a means to a more substantial end, namely the establishment of her liability for resulting damages to the [plaintiffs] so as to trigger [plaintiff's insurance company's] inchoate obligation to pay on its uninsured motorist coverage." *Kidd*, 170 F.Supp.2d at 652. As such, the court must not consider Defendant's citizenship for purposes of determining diversity jurisdiction.")

18.    Based on the facts, circumstances and procedural posture of this case, it is clear Foster, like the tortfeasor in *Kidd*, is a nominal party to this litigation.

**A.    *Foster has no stake in this action.***

19.    The first factor courts consider in determining whether an individual is a nominal party is their stake in the action. *See Kidd*, 170 F.Supp.2d at 651; *Charles*, 2006 WL 1096599, at * 1; *Owens*, 2010 WL 4721709, at *3.

20.    As shown above, Foster's insurer is the subject of an Order of Liquidation with a Finding of Insolvency. (*See* Order of Liquidation with a Finding of Insolvency, Oklahoma County Case No. CJ-2013-1448, dated July 10, 2013, **EXHIBIT 9**.) Under Oklahoma law, Foster's vehicle is deemed an "uninsured motor vehicle." *See* 36 O.S. § 3636.

21.    Therefore, under Oklahoma law and the provisions of the relevant policy, Progressive will be liable for any award Plaintiff receives as a result of Foster's alleged negligence.[1] As such, Foster has no stake in this action.

---

[1]Progressive's liability under the contract is limited to $100,000.00 and is subject to any contractual limitations and exclusions.

**B.**    *Foster retains no control over the litigation.*

22.    The second factor courts consider is the control a party retains over the litigation. *Kidd*, 170 F.Supp.2d at 651, *Charles*, 2006 WL 1096599, at * 1. Here, Foster has retained no control over the present litigation.  Plaintiff served her with the summons and Petition on June 10, 2015. (*See* Affidavit of Proof of Service Affidavit, dated June 10, 2015, **EXHIBIT 3**.)  Foster had until Tuesday June 30, 2015, to file a responsive pleading.  To date, Foster has neither entered an appearance nor filed a responsive pleading.  Thus, Foster is in default and Progressive is left make all the decisions in this lawsuit.  Of course, the procedural poster of this action begs the question, if Foster is anything more than a nominal party, why has Plaintiff made no effort to obtain a judgment against her?

23.    As the *Kidd* court recognized, Progressive, Plaintiff's uninsured motorist insurer, shoulders the control and decision making responsibilities in this action.  This is appropriate because Progressive has the corresponding obligation to pay Plaintiff on the claims alleged should Plaintiff prevail.  (*See* Relevant portions of the Progressive Automobile Insurance Policy, p. 10, **EXHIBIT 13** (stating "If **you** pay the premium for this coverage, **we** will pay for the damages that an **Insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**[.]") (emphasis in original)); 12 O.S. § 3636; *Kidd*, 170 F.Supp.2d at 652.

**C.**    *Foster has not retained counsel.*

24.    The third factor a court may consider is whether the party has retained counsel. *Owens*, 2010 WL 4721709, at *3.  There is no evidence Foster has retained counsel.  Again,

she has neither entered an appearance nor filed a responsive pleading. Given Foster's insurer is insolvent, it is highly unlikely that she will retain counsel or enter an appearance in this action.

### D.   *Foster has not given a statement or a deposition.*

25.   The fourth factor a court may consider is whether the party has given a statement or deposition. *Owens*, 2010 WL 4721709, at *3. Foster has not given a deposition.

26.   As shown, Foster is not a real party in interest. Any award Plaintiff receives as a result of Foster's alleged negligence, up to $100,000.00, Progressive has the corresponding obligation to pay.

27.   Simply stated, Plaintiff named Foster as a defendant in attempt to keep her bad faith action out of federal court. However, "[j]urisdiction is not ousted by the joinder . . . of mere formal parties." *Hann*, 131 F.2d at 981. Therefore, as a nominal party, Foster can be disregarded for purposes of diversity jurisdiction. *See Becker,* 165 F.2d at 142; *Kidd*, 170 F.Supp.2d at 652; *Owens*, 2010 WL 4721709, at *4.

28.   Plaintiff and Progressive, the real parties in interest, are citizens of different states. The complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

29.   Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In this present case, this requirement is also met.

30.     "The right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00.

31.     Specifically, Plaintiff is seeking damages "which are in excess of $75,000." (*See* Petition, p. 5, **EXHIBIT 2**.)

32.     Therefore, as disclosed by the pleadings, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

33.     This Notice of Removal is timely filed.  Title 28 U.S.C. § 1446(b)(1) requires that the "removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Progressive was served with this lawsuit, through the Insurance Commissioner, on July 6, 2015.  (*See* Correspondence from the Insurance Commissioner to Progressive transmitting Petition and Summons, dated July 6, 2015, **EXHIBIT 7**.) Thus, 30 days have not elapsed since Progressive received the petition and summons.

34.     Additionally, pursuant to 28 U.S.C. § 1446(b), Progressive has one year from the date of filing to remove this case.  One year has not elapsed since this action was commenced.  Therefore, this Notice of Removal is timely filed.

35.     Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought.  *See* 28 U.S.C. § 1441(b). Progressive is

not a citizen of Oklahoma, the State in which this action was brought. Although Foster is a citizen of Oklahoma, she is not a real party in interest. Thus, Foster may be disregarded for purposes of diversity jurisdiction. *See Becker*, 165 F.2d at 142. Therefore, this requirement is met.

36.     Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma. The Western District of Oklahoma includes the County of Oklahoma County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

37.     Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff. As required, Progressive has also filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Direct Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,


Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email: brad@pclaw.org
**ATTORNEYS FOR DEFENDANT,**
  **PROGRESSIVE DIRECT**
  **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert N. Yalla Jr., Esquire
Sabre N. Weathers, Esquire

I hereby certify that on August 4, 2015, I served the same document by hand delivery on the following, who are not registered participants in the ECF system:

Mr. Tim Rhodes                          *VIA HAND DELIVERY*
320 Robert S. Kerr Avenue
409 County Office Bldg.
Oklahoma City, Oklahoma 73102

_____
For the Firm