# EXHIBIT 2

CJ-15-2637
By Jones



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

ADRIENNE HULL, )
)
    Plaintiff, )
)
v. ) Case No.: CJ 2015-2637
)
PROGRESSIVE DIRECT INSURANCE ) FILED IN DISTRICT COURT
COMPANY and ) OKLAHOMA COUNTY
LYNNAILLE FOSTER, )
) MAY - 7 2015
    Defendants. )
TIM RHODES
COURT CLERK

## PETITION

COMES NOW the Plaintiff Adrienne Hull and for her cause of action against the Defendants Progressive Direct Insurance Company, hereinafter "Progressive", and Lynnaille Foster, hereinafter "Foster", alleges and states:

1. Plaintiff and Foster are residents of Oklahoma County.

2. Progressive does insurance business in Oklahoma County.

3. A motor vehicle accident which is in part subject of the instant litigation that involved Plaintiff and Foster happened in Oklahoma County.

4. Plaintiff sustained damages in Oklahoma County; therefore, venue is proper in Oklahoma County.

5. Plaintiff was insured under a policy of insurance, Policy Number 62465506 (hereinafter "Policy") issued by Progressive. Said Policy provided for uninsured motorist coverage.

## FACTUAL BACKGROUND

6. Plaintiff was involved in a motor vehicle accident with Foster, an uninsured motorist, on May 23, 2013, in Oklahoma County.

7. Foster's negligence was the direct and proximate cause of the collision.

8. The collision was the direct and proximate cause of permanent injuries Plaintiff suffered.

9. Said Policy provides uninsured motorist benefits.

10. Plaintiff timely filed a claim with Progressive for the uninsured motorist benefits under the Policy.

## FIRST CAUSE OF ACTION
### Breach of Contract by Progressive

Plaintiff restates and re-alleges Paragraphs 1 through 10 of this Petition and in addition, states as follows:

11. By the terms of the Policy, Progressive agreed to compensate Plaintiff pursuant to the uninsured motorist portion of the Policy.

12. Plaintiff has complied with all terms and conditions of the Policy with Progressive.

13. Progressive failed to pay Plaintiff's claims knowing Plaintiff was entitled to the uninsured motorist benefits.

14. Progressive's failure to pay the uninsured motorist benefits constitutes a breach of contract.

15. As a result of Progressive's breach of contract described above, Plaintiff has suffered injuries and damages, including incidental and consequential damages.

## SECOND CAUSE OF ACTION
### Bad Faith by Progressive

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 15, as if fully set forth herein.

16. Progressive violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to evaluate and pay Plaintiff the proper amount for a valid claim under the Policy.

17. Progressive violated its duty of good faith and fair dealing by unreasonably and in bad faith failing to perform a proper investigation and by failing to evaluate the results of its investigation properly.

18. Progressive violated its duty of good faith and fair dealing when it had no reasonable basis to delay payment of the claim.

19. Progressive violated its duty of good faith and fair dealing by negligently supervising this loss.

20. Pursuant to the aforementioned facts, Plaintiff alleges that Progressive's corporate goal is to increase their profits by unlawfully reducing payments of valid claims made pursuant to policy provisions.

21. That as a result of Progressive's breach of its duty of good faith and fair dealing, Plaintiff suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish and financial distress.

22. The bad faith conduct of Progressive is reckless, intentional and/or malicious and was perpetrated to deprive the Plaintiff of payment of reasonable, valid benefits for which they

were legally and contractually entitled to and for which Progressive was liable to pay. Progressive's conduct reflects both a reckless and callous disregard for the health and welfare of the Plaintiff and thus warrants the imposition of punitive damages.

### THIRD CAUSE OF ACTION
#### Negligence Against Foster

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 22, as if fully set forth herein.

23. That on or about May 23, 2013, in Midwest City, Oklahoma, Oklahoma County, Defendant Foster negligently drove her vehicle into the Plaintiff's vehicle.

24. As a result of Foster's actions, the Plaintiff suffered damages as follows:

A. Medical expenses incurred and expected to be incurred in the future;

B. Pain and suffering, past and future;

C. Lost wages; and

D. Other damages to be set forth after discovery; all of which are in excess of $75,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Progressive and Foster as follows:

(A) For medical bills;

(B) For compensatory damages;

(C) For punitive damages;

(D) For lost wages;

(E)  For pre judgment and post judgment interest;

(F)  For reasonable attorney fees;

(G)  Costs of suit;

(H)  Pain and suffering;

(I)  For such other relief as this Court may deem just and proper;

(J)  Other damages to be set forth after discovery; all of which are in excess of $75,000.

RESPECTFULLY SUBMITTED,

**WEST ♦ YLLA ♦ GOSNEY**

Robert N. Ylla, Jr., OBA #17730
Sabre N. Weathers, OBA #30938
8 S.W. 89th Street, Suite 200
Oklahoma City, OK 73139
(405) 378-8132 Phone
(405) 378-0711 Fax
rylla@wyglawfirm.com Email

Attorney's Lien Claimed