# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIENNE HULL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| PROGRESSIVE DIRECT INSURANCE ) | NO. CIV-15-0849-HE |
| COMPANY and LYNNAILLE FOSTER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff filed this case in Oklahoma state court, asserting claims arising out of an automobile accident with defendant Lynnaille Foster ("Foster"). In her petition, plaintiff asserted a negligence claim against Foster and claims against her own auto insurance provider, Progressive Direct Insurance Company ("Progressive"), based on the uninsured motorist coverage in her auto policy.[1] Progressive removed the case to this court, asserting jurisdiction based on diversity of citizenship. It contends that Foster, who, like plaintiff, is a citizen of Oklahoma, should be viewed as a nominal party and her citizenship disregarded for diversity purposes. Plaintiff has moved to remand the case to state court.[2]

Given the negligence claim asserted against defendant Foster, the court has considerable difficulty concluding that she is somehow "nominal" for purposes of

---

[1] *She asserts both a contract claim and a tort claim for bad faith handling of the claim against Progressive.*

[2] *Defendant has suggested plaintiff's motion is procedurally improper due to the failure of an attorney to sign it. Plaintiff indicates the omission of the signature was inadvertent and has moved to amend her motion to remedy the defect [Doc. #9]. Given the nature of the violation and the absence of prejudice to Progressive, the court concludes the motion to amend should be granted.*

determining diversity or that, as Progressive puts it, she "has no stake in this action." [Doc. #1 at 7]. She does not fit into the categories where "nominal" status is ordinarily found to exist. She is not here in some sort of representative capacity. *See, e.g.,* Brazell v. Waite, 525 Fed.Appx. 878 (10th Cir. 2013)(unpublished)(trustee deemed a nominal party). She is not someone whose conduct is peripheral or unrelated to the rest of the case—it is her alleged negligence that is the basis for all the claims. As to at least the negligence claim, she is plainly a real party in interest. If plaintiff prevails, there will be a judgment against Ms. Foster.[3]

It may well be, as Progressive suggests, that plaintiff's real target is Progressive, based on the relative depth of its pockets compared to Ms. Foster's or on the insolvency of Ms. Foster's auto insurer, or both. Indeed, Ms. Foster may well be judgment-proof for all practical purposes. Nonetheless, the court cannot say, in the circumstances existing here, that a defendant who is the alleged tortfeasor, whose conduct is central to the claims in the case, against whom a substantial judgment may be taken, and whose future wages will be subject to garnishment to pay that judgment, is somehow "nominal" for purposes of jurisdiction. A party does not become nominal merely by being short on assets.[4]

---

[3]*There is also no suggestion of misjoinder of claims here. Suing both the alleged tortfeasor and plaintiff's own uninsured motorist carrier in the same case appears to be permitted under Oklahoma law, see* Keel v. MFA Insurance Co., *553 P.2d 153, 158 (Okla. 1976), and, in any event, defendant does not argue procedural or other misjoinder on any basis, nor does it argue the claims were or should have been severed.*

[4]*See* Bellone v. Roxbury Homes, Inc., *748 F.Supp. 434, 437 (W.D.Va. 1990)("[T]his Court does not believe that its jurisdiction is premised upon the strength or weakness of a given defendant's financial statements. If this were true, a great number of cases now pending in the*

Foster is not a nominal defendant. As she and plaintiff are both citizens of Oklahoma, the necessary diversity between parties is lacking and subject matter jurisdiction does not exist in this court.[5]

Plaintiff's motion to amend [Doc. #9] and her motion to remand [Doc. #7] are **GRANTED**. This case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED**.

Dated this 27th day of November, 2015.

_____
JOE HEATON
CHIEF UNITED STATES DISTRICT JUDGE

---

*federal courts of this country would be improper due to the fact that some or all of the defendants in those suits are judgment-proof.")*

[5]*In light of this conclusion, it is unnecessary to consider the other grounds for remand urged by plaintiff.*